**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

REBECCA ERLER,

        Plaintiff,

v.                                                      Case No: 6:17-cv-1090-Orl-40GJK

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.
_____/

**ORDER**

This cause is before the Court on Plaintiff's Motion to Remand (Doc. 8), filed June 29, 2017. On July 5, 2017, Defendant responded in opposition. (Doc. 12). Upon consideration, the Court will grant Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff initiated this lawsuit against Defendant in state court by filing a complaint alleging a state law uninsured motorist claim. On June 14, 2017, Defendant removed the action to this Court. Defendant premises removal on the ground that it recently learned that the amount in controversy exceeds the threshold required for invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now moves to remand the case to state court.

**II.    DISCUSSION**

Because removal from state court constitutes an infringement upon state sovereignty, the procedural requirements for removal must be strictly construed. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001). When timely

challenged by an opponent, "[t]he burden rests with the removing party to show that it followed the proper removal procedures." *Lazo v. U.S. Airways, Inc.*, No. 08-80391-CIV, 2008 WL 3926430, at *1 (S.D. Fla. Aug. 26, 2008). All doubts about the propriety of removal must be resolved in favor of remand. *Russell*, 264 F.3d at 1050.

Plaintiff moves to remand this case on the ground that Defendant did not effect removal within the time required. To be timely, a defendant must file its notice of removal within thirty days after being served with the plaintiff's initial pleading. 28 U.S.C. § 1446(b)(1). Alternatively, if the plaintiff's case was not removable when it was initially filed, as is the case here, the defendant must have filed its notice of removal within thirty days after receiving service of any amended pleading, motion, court order, or other paper from which the defendant can ascertain that the case is removable. *Id.* § 1446(b)(3). The defendant's failure to file its notice of removal within the time required constitutes a procedural defect in removal which warrants remand to state court upon the plaintiff's timely motion to remand. *See In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997).

Plaintiff asserts that Defendant first learned of its right to remove on October 3, 2016, when Plaintiff's counsel informed Defendant via a pre-suit demand letter (Doc. (8-1) that Plaintiff demands the policy limits of $300,000 to settle her claim. Plaintiff's counsel then sent Defendant a Civil Remedies Notice (Doc. 8-2) on October 24, 2016. Plaintiff reasons that the demand letter and the Civil Remedies Notice constitutes a paper within the meaning of § 1446(b)(3) from which Defendant could divine that the amount in controversy exceeded $75,000, thus rendering the case removable. Plaintiff therefore concludes that Defendant failed to timely remove this case when Defendant filed its notice

of removal one hundred and twelve days after being served with Plaintiff's initial Complaint.

Without more, an initial demand for settlement generally does not serve as a sufficient basis for ascertaining the amount in controversy. This is because settlement demands frequently involve posturing and puffery by the plaintiff; as a result, the amount demanded "cannot be considered a reliable indicator" of the true amount in controversy. *Piazza v. Ambassador II JV, L.P.*, No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at * 1 (M.D. Fla. July 21, 2010) (citation and internal quotation marks omitted). Only where a demand provides specific information and a reasonable assessment of the damages claimed is it possible for the defendant to ascertain the amount in controversy and rely on the demand to support removal. *See Benandi v. Mediacom Se., LLC*, No. 11-00498-CG-N, 2011 WL 5077403, at *2–3 (S.D. Ala. Sept. 30, 2011), *report and recommendation adopted*, 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011).

Here, the pre-suit demand letter sent by Plaintiff's counsel to Defendant prior to filing suit states that Plaintiff demanded the $300,000 policy limits to settle the dispute. The pre-suit letter contains detailed information on the injuries Plaintiff suffered, the damages Plaintiff claims as well as the means by which Plaintiff valuates those damages. The demand letter is supported by medical records for Defendant's review. The Civil Remedies Notice put Defendant on notice that Plaintiff is seeking payment of the $300,000 policy limits. Therefore, the Court finds that the pre-suit demand letter is more than mere "puffing and posturing" and could reasonably have been relied on to ascertain the amount in controversy.

Defendant argues that it had no information in pleadings or any "other paper" as to the amount of damages in controversy from the Plaintiff or from its own discovery until Plaintiff filed her answers to Interrogatories on May 18, 2017. (Doc. 12, ¶ 5). The Court finds this argument to be wholly without merit as Defendant received ample information in Plaintiff's per-suit demand letter supported by medical records to ascertain the amount in controversy; as a result, Defendant had thirty days from February 23, 2017, the date it was served with Plaintiff's initial pleading to effect removal. Since Defendant filed its notice of removal on June 14, 2017, Defendant's removal was therefore untimely.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**.
2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.
3. The Court retains subject matter jurisdiction over this action to determine if attorney's fees should be awarded to Plaintiff.
4. The Clerk of the Court is **DIRECTED** to send a certified copy of this Order to the Clerk of the Court for the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.
5. The Clerk is thereafter **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on September 21, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties